**People of the State of Illinois, Plaintiff-Appellee, v. Robert Ethridge, Defendant-Appellant.**

**Gen. No. 50,520.**

First District, Third Division.

December 15, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of Counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Morton Friedman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, Robert Ethridge, who was indicted for armed robbery, made a motion before his trial for substitution of judge alleging that he could not receive an impartial trial because of the prejudice of the trial judge. The motion was denied. The case went to trial, a jury found him guilty and he was sentenced to a term of imprisonment of not less than eight and not more than twenty years. He contends that he is entitled to a new trial because his motion was improperly denied.

The record shows that on May 1, 1964, the defendant's case was assigned to the trial judge by the presiding judge of the Criminal Court. The case was called on May 7th. The defendant was arraigned on May 7th and his attorney was in court. No subpoenas had been issued for that date and the case was continued to May 21, 1964, for trial. The defendant's motion for substitution of judge was filed and denied on May 21st.

His contention is based on both subsections (a) and (c) of section 114-5 of the 1963 Code of Criminal Procedure (Ill Rev Stats, 1963, c 38, § 114-5(a), (c)). Subsection (a) is as follows:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of judge or any 2 judges on the ground that such judge or judges are so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another court or judge not named in the motion."

In the Criminal Division of the Circuit Court of Cook County indictments are returned to the presiding judge who assigns them to the trial judges. Defendants are

301

in court at the time the assignments are made and each defendant is told the name of the judge who will try his case. When a case is assigned to a trial judge it is assigned for disposition and it becomes part of that judge's trial call. Shortly after the assignment the minute clerk of the trial judge is informed of the newly assigned case and the judge immediately designates the date when it will be called in open court. The defendant, his attorney and the prosecutor are in court on the date designated but, normally, witnesses are not subpoenaed. A date is then selected for trial.

▆ Defendants are usually arraigned before the presiding judge. In the present case the defendant was not. But the fact that he was arraigned by the trial judge on May 7, 1964, the date when his case appeared on the call without subpoenas, does not change the date when his case was placed on the trial call. His case was not placed on the trial call on May 7th nor was it placed on the trial call on May 21st, the date which had been selected for trial and the date his motion was made, as the defendant contends. It was placed on the trial call on May 1st, the date the presiding judge assigned it to the trial judge and it became part of that judge's trial call upon assignment.

Since the defendant's motion was filed more than 10 days after his case was placed on the trial call, the procedure concerning it was not controlled by subsection (a) but by subsection (c) of section 114–5. Subsection (c) provides, in part, that:

> "[A]ny defendant may move at any time for a substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion."

The distinctions between subsections (a) and (c) are these: a motion filed within the 10-day period may

name two judges, it does not have to be verified, and the defendant has an absolute right to a substitution of judge; if a motion is filed at any other time it may name only one judge, it must be supported by affidavit, and the defendant is not entitled to an automatic substitution but the court must conduct a hearing to determine the merits of the motion.

■■ In the present case the defendant's motion was not supported by a separate affidavit but the motion was verified. This was a sufficient compliance with the statute. The motion did not contain detailed allegations of prejudice; it merely stated that prejudice existed. However, it is not necessary that a defendant enumerate facts to support a general allegation of prejudice (People v. Arnold, 76 Ill App2d 269, 222 NE2d 160, supplemental opinion filed October 28, 1966); this can be reserved for the hearing which the court must conduct.

■ In the instant case the court did not conduct a hearing as contemplated by the statute. The order entered by the court stated:

> "[T]he Court hearing Counsel for said Defendant in support of said Motion as well as the State's Attorney, Counsel for the People, in opposition thereto and being fully advised in the premises doth Deny said Motion. . . ."

This order indicates that the hearing was limited to the arguments of counsel. When an order states that the court is "fully advised in the premises" a reviewing court will conclude, in the absence of anything to the contrary in the order or record, that the trial court heard adequate evidence, received enough information or listened to sufficient law and argument to enable it to reach what it believed to be the right decision (Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559 (1962)). However, when an order recites the actions taken or the matters considered by the court, there arises the inference that only

the items specified took place or were considered, and that the court's decision was based on these items. Stickler v. McCarthy, 64 Ill App2d 1, 212 NE2d 723 (1965).

We must conclude from the order that no testimony was heard or evidence received and that the denial of the motion was based on the arguments of counsel. If the defendant was unwilling or unable to support his charge of prejudice the order or the record should so indicate. Since the defendant was not accorded a hearing within the meaning of the statute, the defendant's sworn allegation that he could not receive a fair and impartial trial must be taken as true. People v. Arnold, supra. The petition for substitution of judges was, therefore, improperly denied and all the actions of the court subsequent thereto are void. Jones v. Jones, 40 Ill App2d 217, 189 NE2d 33 (1963).

The defendant also made the point in his brief that the indictment was defective because it did not specify the time and the place of the offense. This point was waived in oral argument under the authority of People v. Petropoulos, 34 Ill2d 179, 214 NE2d 765 (1966) and People v. Blanchett, 33 Ill2d 527, 212 NE2d 97 (1965).

The judgment of the Criminal Division is reversed and the cause is remanded for a new trial.

Reversed and remanded with directions.

SULLIVAN, P. J. and SCHWARTZ, J., concur.