THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH WRIGHT, SR., Defendant-Appellant.

(No. 12127;

Fourth District—June 12, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Joseph Wright was charged in a case docketed in the circuit court of Sangamon County under number 45—72 with resisting arrest, fleeing a police officer, driving without a driver's license, and failing to have a driver's license. He was tried before a jury, convicted of all charges and the appeal from those convictions pends in this court under our general number 11867. The jury's verdict was returned on March 25, 1972. One Pearl Meyer served as a member of the jury, and one Daryle Williamson appeared as a witness for the People.

On March 28, 1972, the State filed a "Motion to Show Cause" in case 45—72. The motion recited the return of the verdict on March 25, 1972, and the fact that Daryle Williamson had testified in the case as a witness for the People, and that Pearl Meyer had served on the jury. The motion further recited:

"That on March 26, 1972, Joseph Wright with the intent to harrass or annoy Pearl Meyer communicated directly with Pearl Meyer in that on said date at the Holiday Inn East at about 1:50 a.m., he said to Pearl Meyer in the Coffee Shop of said motel this, or this in substance:

'I thank you from the bottom of my heart and I'm going to get even with you'

said communication intended to produce mental anguish or emotional distress to said Pearl Meyer, who had served as a juror and participated as a juror in reaching the verdict in the proceedings known as Sangamon County Circuit Court No. 45—72."

The motion further recited that:

"Joseph Wright, with the intent to harass or annoy Daryle Williamson, a witness for the People in Sangamon County Circuit Court No. 45—72, communicated directly with Daryle Williamson at the Holiday Inn East on March 26, 1972, at about 1:50 a.m., in that he said this, or this in substance:

'You white [expletive deleted], you are a bastard and you caused me to be convicted of four counts and I am going to get you and get your wife and get your kids * * *'

and that such communication produced mental anguish and emotional distress in Daryle Williamson, and was made to Daryle Williamson because of his testimony on behalf of the People in the legal proceedings in the Sangamon County Circuit known as case No. 45—72."

The motion concluded:

"That said threats and conduct by Joseph Wright as stated above showed utter disrespect for the peace and dignity of this court and tended to hinder and obstruct the orderly administration of justice.

WHEREFORE, the People move that defendant Joseph Wright be ordered to show cause why he should not be held in contempt of this honorable court."

On March 27, 1972, in a case bearing Sangamon Circuit Court case no. 72-S-2-76, a two-count complaint was filed against defendant Wright charging that on March 26, 1972, he violated the provisions of section 32—4(a) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 32—4(a)) in that:

"[Count I] on the 26th day of March A.D. 1972, in the County of Sangamon and the State of Illinois, Joseph L. Wright committed the offense of HARASSMENT OF A JUROR, when, with the intent to harass or annoy Pearl Meyer he communicated directly with Pearl Meyer in such a manner as to produce mental anguish or mental distress because Pearl Meyer had served as a juror and participated as such juror in reaching the verdict in a legal proceeding, #45—72 in the Sangamon County Circuit Court in which said Joseph L. Wright was a defendant."

and

"[Count II] on the 26th day of March A.D. 1972, in the County of Sangamon and the State of Illinois, Joseph L. Wright committed the offense of HARASSMENT OF A WITNESS when with intent to harass or annoy Daryle Williamson, he communicated directly with Daryle Williamson in such a manner as to produce mental anguish or emotional distress because of the testimony of Daryle Williamson who had been a witness in a legal proceeding in the Sangamon County Circuit Court #45—72 in which said Joseph L. Wright was a defendant."

On March 30, 1972, the motion to show cause was granted and the hearing on the contempt therein charged was set for April 4, 1972. On April 3, 1972, defendant filed a motion to consolidate the contempt pro-

ceedings with the criminal charges in case 72-S-2-76 pursuant to section 114—7 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—7), stating that the contempt and criminal charges arose from the same transaction and should be prosecuted as if the same were under a single charge. Defendant had previously demanded jury trial in case 72-S-2-76. On April 3, 1972, the defendant also filed a motion for substitution of judge in the contempt proceedings pursuant to section 114—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—5). Judge Coutrakon who had presided during defendant's trial on the four charges originally filed in case 45—72 had granted the motion to show cause and had ruled on all other matters pertaining to the contempt proceedings; and the hearing on the merits of the show cause order was set before him. The motion named Judge Coutrakon and an additional circuit judge who appears to have had no connection with the matter.

On April 4, 1972, the trial judge denied the motion to consolidate, and also denied defendant's motion for trial by jury stating that he would not impose a sentence in excess of 6 months, and also denied defendant's motion for substitution of judge. Judge Coutrakon thus presided over the hearing, at the conclusion of which he found the defendant guilty of contempt and imposed sentence of 5 months to be served at the Illinois State Farm. This appeal ensued.

Defendant assigns error in the denial of his motion for substitution of judges. In ruling on the motion the trial judge stated that it was his understanding of the law that "The only time you're entitled to substitution of judges is when the statute authorizes it * * * as I understand the law contempt proceedings are neither civil nor criminal but sui generis and the only time you're entitled to a substitution of judges was under the previous old law when it was called change of venue—that was when the statute provided for it in a contempt case and the statute does not provide for—uh—change of venue in contempt cases for prejudice of the Judge."

■■ It is apparent from the allegations of the motion for rule to show cause that this case involves indirect criminal contempt; neither the appellant nor the appellee argues otherwise. For a recent discussion of the distinction between direct and indirect criminal contempt see *People v. Javaras*, 51 Ill.2d 296, 281 N.E.2d 670. Defendant urges that the court erred in the denial of his motion for substitution of judges since the provisions of section 114—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—5(a)) govern the matter. This statute provides:

"§ 114—5. Substitution of Judge.

(a) Within 10 days after a cause involving only one defendant

has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of judge or any 2 judges on the ground that such judge or judges are so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the case but shall transfer it to another court or judge not named in the motion."

The appellee contends that the only statute which provides for substitution of judges in a contempt proceeding is section 21a of the Venue Act (Ill. Rev. Stat. 1971, ch. 146, par. 21a), which provides:

"When any defendant in a proceeding for contempt arising from an attack occurring otherwise than in open court, upon the character or conduct of a judge, which proceeding is pending before the judge whose character or conduct was impugned, fears that he will not receive a fair and impartial trial before such judge, he may petition the court for a change of venue from such judge, such petition to be verified by affidavit of the defendant, and thereupon such change shall be granted."

Appellee urges that this is the only provision of the statute which permits substitution of judges in contempt proceedings, and that since defendant's conduct did not constitute an attack upon the character or conduct of the trial judge defendant's motion did not fall within the purview of the statute.

In support of his contention that the provisions of section 114—5(a) of the Code of Criminal Procedure are applicable in cases involving indirect criminal contempt the defendant relies primarily upon *People v. Goss*, 10 Ill.2d 533, 141 N.E.2d 385. In this case one Carl Champagne had brought suit for divorce against his wife Shirley in the Superior Court of Cook County. He also made a motion that he be granted temporary custody of their child. The hearing on the petition was conducted in several stages and during one of the hearings, a private detective testified on behalf of the plaintiff that on certain specified days the defendant, Shirley Champagne, had spent the early morning hours in the apartment of the alleged contemnor Goss. Goss appeared regularly on an evening television broadcast program five nights a week from a Chicago station. In a broadcast on the evening of July 28, the day on which the private detective had testified, Goss characterized the detective in reference to his testimony in the Champagne case as a "professional sneak and liar". In subsequent broadcasts Goss repeated these allegations concerning the detective. Again during the course of the hearings Goss referred to the plaintiff Carl Champagne and his relatives as a family with "court-admitted hoodlum connections" and also referred to Carl Champagne

during his broadcasts as a "known associate of hoodlums." Also during the broadcasts Goss denied that he had committed adultery with Mrs. Champagne and expressed sympathy for her. Then subsequently the trial judge issued a rule to show cause. At the hearing Goss disclaimed any intent to influence or intimidate the judge or witnesses and said that his motive was to defend himself before his television public against charges which were being made at the trial. The trial judge entered an order finding defendant in contempt of court and stating:

> "The public utterances and characterizations by the said Thomas Duggan Goss of the plaintiff and witnesses called in his behalf were false, completely foreign to the evidence presented, with a positive tendency and designedly calculated to bring odium upon the testimony of the witnesses produced by the plaintiff and to inspire distrust in their testimony; engender a public atmosphere of hostility incompatible with judicial proceedings; create in the public mind by false, incompetent and prejudicial hearsay made without the safeguards of an oath or right of cross examination the belief that the plaintiff and those associated with him were of base character and that the plaintiff should not prevail in his cause; to create in the minds of witnesses fear and apprehension of being held to public scorn and ridicule and to exculpate himself from a charge amply substained by the evidence."

The trial judge then sentenced Goss to 10 days in the county jail and a fine of $100.

The Supreme Court reversed and remanded finding error in the refusal of the trial judge to grant Goss's motion for change of venue from the trial judge which motion alleged prejudice on the part of the judge. The court stated:

> "The statute (Ill. Rev. Stat. 1955, chap. 146, par. 21,) provides for a change of venue upon the filing of an affidavit of prejudice. The petition filed on behalf of the plaintiff in error, while it contained many extraneous matters, was nevertheless sufficient to bring the statute into play, and the prayer of the petition for reassignment of the case, or for a change of venue, should have been granted. Because it was not, the judgment must be reversed * * *."

The 1955 statutes governing changes of venue in criminal cases were contained in chapter 146, and so far as pertinent here, are as follows:

> "CHANGES OF VENUE IN CRIMINAL CASES
>
> 18. CAUSES. When any defendant in an indictment or information in any court in this state shall fear that he will not receive a fair and impartial trial in the court in which the case is pending, because the judge of the court is, or the inhabitants of the county

in which the case is pending are prejudiced against him, or the attorney representing him, the court shall award a change of venue upon the application of the defendant as hereinafter provided.

\* \* \*

21. When cause prejudice of judge. When the cause for a change of venue is the prejudice of the judge or any two of them against the defendant or his attorney, the petition shall be accompanied by the affidavit of the defendant or his attorney, stating that he believes the judge, or any two of them, as the case may be, are so prejudiced against the applicant or his attorney, that either cannot have a fair and impartial trial, and thereupon the case may be tried by any other of the circuit judges of the circuit in which the case is pending, and the venue shall not be changed from the county in which the indictment is found or the information is filed, in such case.

21a. Change in contempt proceedings from judge impugned. When any defendant in a proceeding for contempt arising from an attack occurring otherwise than in open court, upon the character or conduct of a judge, which proceeding is pending before the judge whose character or conduct was impugned, fears that he will not receive a fair and impartial trial before such judge, he may petition the court for a change of venue from such judge, such petition to be verified by affidavit of the defendant, and thereupon such change shall be granted."

■■■ It is perfectly clear that by any definition the contempt in Goss was criminal and that it was indirect. It should also be noted that section 21 of the 1955 statute was the predecessor of section 114—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—5(a)). Both involve the alleged prejudice of the judge and the right of the defendant, upon appropriate petition, for a substitution of judge. The appellee argues that the supreme court in Goss did not, in fact, rely upon section 21 of the 1955 statute but rather upon section 21a of the 1955 statute. He bases this argument upon the case of *McAdams v. Smith*, 25 Ill.App.2d 237, 166 N.E.2d 446. In *McAdams* the court was dealing with section 21 of the 1959 statute. This paragraph was identical with section 21 of the 1955 statute. *McAdams* involved a direct criminal contempt. In the *McAdams* opinion the court discussed the opinion of the supreme court rendered in *People v. Goss*, 10 Ill.2d 533, 141 N.E.2d 385, and in doing so stated:

"Although the court cites section 21, it is obvious that it must have intended to cite 21a. It is clear that in the Goss case the contempt

was indirect; the court did not know the facts by its own observation in the courtroom, * * *." (25 Ill.App.2d at 244.) We respectfully disagree with the McAdams' court analysis of the statutory basis for the holding in Goss. The utterances in Goss did not constitute "* * * an attack upon the character or conduct of a judge * .* *." and thus the provisions of section 21(a) of the 1955 statute were not invoked. The Supreme Court, in Goss, relied upon precisely what it said it relied upon, section 21 of the 1955 statute. We therefore hold, under the command of *People v. Goss,* 10 Ill.2d 533, 141 N.E.2d 385, that the provisions of section 114—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—5(a)) govern application for substitution of judge in cases involving indirect criminal contempt. The denial of defendant's motion constituted reversible error.

This holding is dispositive, and we see no need to reach other issues raised by defendant. Judgment reversed and cause remanded for further proceedings.

Judgment reversed.

SMITH, P. J., and TRAPP, J., concur.