THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEPHEN R. WINCHELL, Defendant-Appellant.

Third District   Nos. 75-352, 76-165 cons.

Opinion filed January 24, 1977.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, Robert Hansen, and Jena Nemesi, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The defendant, Stephen R. Winchell, was found guilty of contempt of court in the Circuit Court of Peoria County and sentenced to a term of six months in the county jail. Originally this cause was filed as No. 75-352 when late notice of appeal was granted. Later, defendant's private counsel withdrew and this court appointed the office of the State Appellate Defender as counsel on appeal in this cause No. 76-165. A motion to consolidate was then allowed.

The following issues are raised on appeal: (1) whether the defendant was denied due process of law where he was not represented by counsel at the contempt proceeding; and (2) whether the circuit court improperly denied defendant's motion for a substitution of judges. For the reasons stated below, we affirm both the conviction and the sentence.

On September 23, 1974, defendant pleaded guilty to two counts of burglary and received concurrent sentences of from 2½ to 7½ years.

Defendant requested, and was granted, a three-day stay of mittimus, and the court ordered him to appear at the county jail on September 26, 1974, but he failed to surrender himself on that date.

On September 30, 1974, the State filed a petition for a rule to show cause why defendant should not be held in contempt of court for failure to appear at the appointed time, and a rule to show cause and bench warrant were issued. The defendant was apprehended on June 4, 1975, and on June 5, was advised that a rule to show cause had been issued during an appearance before the court.

A hearing on the rule was held on June 9, 1975. The State called one witness, Deputy Sheriff Frederick A. Oliver, who testified that defendant did not appear at the jail on September 26, 1974. Without assistance of counsel, defendant presented to the court his discharge papers from the Illinois Air National Guard, which the court deemed to be irrelevant. Defendant was thereafter adjudged guilty of contempt and sentenced to six months in the county jail, to be served at the end of his prior sentences for burglary.

The attorney for the defendant who had represented the defendant on the burglary charges appeared after the court had already passed sentence and stated that he had not received notice of the hearing on the rule to show cause. He objected to the earlier proceedings on the grounds that defendant had not been afforded his right to counsel. The court offered to allow the defendant to present any evidence he might have, and the State's Attorney stated he was willing to present his evidence again so that defense counsel might have the opportunity to cross-examine the witness. The defendant, however, orally moved the court to reassign the case to another judge because of the earlier hearing and sentence. The court denied this motion and reaffirmed its judgment and sentence in the contempt matter.

Defendant's first contention is that his conviction for contempt must be reversed because he was not represented by counsel at the contempt proceeding.

■■ At the outset we must make a distinction between criminal and civil contempt. As we stated in *People v. Marcisz* (3d Dist. 1975), 32 Ill. App. 3d 467, 470, 334 N.E.2d 737, at 739:

> "Criminal contempt consists of acts tending to lessen the dignity or impede the process of the court, and such proceedings are instituted to vindicate the authority of the court. Civil contempt ordinarily consists of failing to do something ordered to be done by a court in a civil action for the benefit of an opposing litigant, and proceedings are instituted to compel or coerce obedience to the order or decree."

Criminal contempt, then, is instituted to punish, as opposed to coerce, a

contemnor for past contumacious conduct. The distinction between the two types of contempt is significant because in cases of criminal contempt the defendant is entitled to certain constitutional protections, including the assistance of counsel. *Marcisz v. Marcisz* (1976), 65 Ill. 2d 206, 357 N.E.2d 477.

A further distinction must be drawn between direct and indirect criminal contempt. Previous court decisions have recognized two types of direct criminal contempts—those which are personally observed by the judge and those which are not personally seen by the judge but take place in an integral or constituent part of the court and are thereby deemed to have occurred in the constructive presence of the court. (*People v. Javaras* (1972), 51 Ill. 2d 296, 281 N.E.2d 670.) On the other hand, indirect criminal contempts are those in which the whole or an essential part of the contemptuous acts occur out of the actual or constructive presence of the court. While the judge may summarily punish the contemnor for direct contempt, in a proceeding to punish for indirect contempt the alleged contemnor must be informed of the charges against him by information, notice, citation, or rule to show cause, and he must be given an opportunity to file an answer thereto and receive a full hearing thereon together with a jury trial when demanded, in cases involving serious contempts.

■■ In our case, the contempt was indirect and criminal in nature. Therefore, defendant was entitled to a formal hearing on the contempt charges and to all appropriate constitutional rights including assistance of counsel.

■■ Nonetheless, we do not believe defendant was denied effective assistance of counsel in this case. In *United States v. Bukowski* (7th Cir. 1970), 435 F.2d 1094, *cert. denied,* 401 U.S. 911, 27 L. Ed. 2d 809, 91 S. Ct. 874, the court held that in criminal contempt prosecutions the fundamental fairness standard of due process, rather than the due process components of the fifth and sixth amendments, is to be applied. We note that the issue here was an extremely simple one, *viz.,* whether or not defendant appeared at the jail as ordered on September 26, 1974; that defense counsel was familiar with the background facts of the case since he represented defendant on the earlier burglary charges; that he was given every opportunity to present evidence and cross-examine the witness; and that he did not request a continuance based on inadequate time to prepare for trial. In light of these circumstances we cannot agree with defendant that the contempt proceeding was so fundamentally unfair as to deny him due process of law. We also believe that any error which may have occurred in failing to notify attorney Boos of the hearing on the rule to show cause, or the fact that defendant did not have counsel until late in the proceedings was harmless beyond a reasonable doubt.

(*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) Accordingly, the judgment and sentence for contempt in this case were proper.

The final question we must decide is whether the circuit court's denial of defendant's motion for a substitution of judges under section 114—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—5(c)) was reversible error.

■■ The motion for substitution of judge authorized by section 114—5(c) is applicable to indirect criminal contempt prosecutions. (*People v. Wright* (4th Dist. 1974), 20 Ill. App. 3d 96, 312 N.E.2d 727.) The pertinent portion of section 114—5 reads as follows:

> "(c) * * * [A]ny defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion."

We first note that defendant's motion was not supported by affidavit as required by section 114—5(c), nor was it verified. We therefor have serious doubts about whether that motion was properly presented to the court. (*Cf. People v. Ethridge* (1st Dist. 1966), 78 Ill. App. 2d 299, 223 N.E.2d 437.) Nonetheless, because we believe the questions raised by defendant's appeal are important, we will assume for purposes of this decision that the form of his motion was sufficient to satisfy the requirements of the statute.

■■ The right to a substitution of judges under section 114—5(c) is not absolute, and the movant has the burden of showing prejudice on the part of the judge which disqualifies him to sit as the judge in his case. (*People v. Robinson* (1st Dist. 1974), 18 Ill. App. 3d 804, 310 N.E.2d 652.) As noted by the court in *Robinson*, "Prejudice is a condition of the mind that imports the formation of a fixed anticipatory judgment as distinguished from opinions which yield to evidence." 18 Ill. App. 3d 804, 807, 310 N.E.2d 652, 655.

■■■ After the hearing on the rule to show cause and after the court had offered defendant's attorney the opportunity to present Winchell's case, defense counsel offered the following reason in support of the motion for a substitution of judges:

> "Under the circumstances I am going to ask that the matter be reassigned in light of the fact that there has already been a hearing and has been a sentence rendered on this cause as opposed to going through the mechanics of having the hearing reheard this morning."

This statement was the sole basis of the motion for substitution and, in our opinion, was insufficient to establish cause since the court's judgment of contempt was clearly warranted by the evidence produced at the hearing.

In *United States v. Bukowski* (7th Cir. 1970), 435 F.2d 1094, *cert. denied*, 401 U.S. 911, 27 L. Ed. 2d 809, 91 S. Ct. 874, the court held that the trial judge properly refused to recuse himself where no evidence of prejudice or bias was presented. The instant record does not suggest, much less reveal, bias on the part of the trial judge. We think the holding in *Bukowski* is applicable here, since both cases involved indirect contempt proceedings rather than situations involving disrespect or criticism of the trial judge. Since the defendant has failed to present any evidence of prejudice or bias, the motion for substitution of judge was correctly denied.

Furthermore, we believe that, even if cause had been shown, defense counsel's oral argument before the court was sufficient to constitute a hearing within the meaning of section 114—5(c). In *People v. Polk* (1973), 55 Ill. 2d 327, 303 N.E.2d 377, defendant's allegation of prejudice was based on portions of the transcript of former proceedings in which the court suggested defendant was attempting to delay trial by his theatrical behavior. The trial court considered counsel's oral arguments in support of the motion for substitution before denying it. After noting that all matters related to the alleged prejudice arose during other proceedings before the court and that the court itself was in the best position to determine if it may have been prejudiced, the supreme court held that under the circumstances presented the hearing afforded defendant was sufficient. Consequently, under *People v. Polk* the trial court's consideration of counsel's oral arguments on a motion for substitution of judge will, in an appropriate setting, constitute a hearing under section 114—5(c).

■■ We are aware that our holding in this respect is contrary to that set out in *People v. Ethridge* (1st Dist. 1966), 78 Ill. App. 2d 299, 223 N.E.2d 437, but we believe the present circumstances justify a different conclusion. Unlike *Ethridge*, the trial court here was aware of defendant's specific reasons for seeking a change of judges and, having conducted the proceeding which prompted the request, was in the best position to determine the merits of the motion. We therefore conclude that under these facts *Polk* is controlling. Accordingly, we find no error.

For the foregoing reasons, the judgment and sentence of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.