*In re* MARRIAGE OF NAOMI MADARY, Petitioner-Appellee, and JAMES V. MADARY, Respondent-Appellant.

Second District   No. 2—87—0598

Opinion filed February 10, 1988.

Nancy A. McKeating, of Rooks, Pitts & Poust, of Wheaton, for appellant.

No brief filed for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Respondent, James Madary, appeals from an order of the circuit court of Du Page County finding him guilty of indirect criminal contempt for spitting at petitioner, Naomi Madary, as she was leaving the courtroom. After a hearing, the court ordered respondent incarcerated for three days. Respondent appeals. We affirm.

On June 23, 1987, respondent and petitioner were present in court for a hearing on petitioner's motion to voluntarily dismiss her divorce action. After the court granted petitioner's motion, as the parties were exiting the courtroom, respondent allegedly spit on petitioner's face. Petitioner's counsel alerted the judge to the occurrence, and the judge scheduled a contempt proceeding for 35 minutes later that day.

Respondent later appeared with counsel and was advised of the nature of the allegation against him. The court noted that if the allegation were true it would constitute indirect contempt. Respondent's counsel indicated that he was ready to proceed for hearing on the matter and requested a jury trial. The court denied respondent's jury demand, explaining that it did not intend to sentence respondent to more than six months in prison if he was found in contempt.

Petitioner first called respondent as an adverse witness. Respondent denied spitting on petitioner. Respondent further testified that petitioner did not speak to him during the previous court session, nor did she provoke him.

Petitioner subsequently testified that as she was leaving the courtroom, respondent pushed his way toward her and spit on the left side of her face and on her glasses. Petitioner stated that she did not speak to respondent or provoke him in any way. Petitioner's glasses were admitted into evidence and revealed a dried substance on the left lens.

Susan Kessl, who was attending court that morning on a separate matter, testified that she observed respondent spit on the left side of petitioner's face. Kessl was seated in the back row of the courtroom and heard no conversation between the parties. Kessl was not acquainted with the parties.

Respondent testified on his own behalf and again denied that he

intentionally spit on petitioner. Respondent stated that he approached petitioner "to say 'way to go' sort of cynically about what had transpired in court," and a gland under his tongue sprayed saliva involuntarily. Respondent further stated that he was under stress and that this glandular reaction occurs during stressful moments.

Respondent's dentist, Stanley Drab, testified that it was not uncommon for someone under stress to have a sublingual gland build with pressure and release fluid. Drab further stated that the gland may squirt up to two feet.

The court found that respondent intentionally spit on petitioner as she was leaving the courtroom, thus causing disruption to the courtroom and interrupting the administration of justice. The court sentenced respondent to three days in jail and denied his motion to reconsider. Respondent appealed.

Initially, we note that petitioner has not provided this court with a brief on appeal. Nevertheless, we will address the issues set out by respondent in accordance with *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

■ Respondent first contends the contemptuous act alleged here constitutes indirect criminal contempt. Respondent argues that he was denied the procedural due process applicable to proceedings for indirect contempt. We disagree.

In proceedings to punish indirect criminal contempt, due process requires that the accused be accorded notice and a fair hearing. (*People v. Waldron* (1986), 114 Ill. 2d 295, 302-03.) The alleged contemnor must be informed of the charges against him and must be given an opportunity to answer those charges as well as receive a full hearing together with a jury trial, when demanded, in cases involving serious contempts. *People v. Javaras* (1972), 51 Ill. 2d 296, 300.

■ In the instant action, respondent specifically challenges the trial court's denial of his request for a jury trial. It is well settled that only where the penalty imposed for criminal contempt exceeds six months' incarceration or a fine exceeds $500 must the record reflect that the contemnor was afforded a jury trial or knowingly waived that right in open court. (*County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 356; *Aurora Steel Products v. United Steelworkers of America* (1981), 94 Ill. App. 3d 97, 102.) Prior to the hearing, the trial judge stated for the record that if he found the contempt allegation true, he did not intend to incarcerate respondent for more than six months. In fact, respondent was sentenced to three days of imprisonment and was not fined. Thus, respondent had no right to a jury trial. See *County of McLean*, 51 Ill.

2d at 356; *National Metalcrafters v. Local 449, United Automobile, Aerospace & Agricultural Implement Workers* (1984), 125 Ill. App. 3d 399, 409.

Respondent also argues that the contempt proceedings were unfair on the bases that he was not provided with a substitution of judges; he was only given 35 minutes to prepare for the hearing; and he did not have an opportunity to file an answer to the charges. We find these contentions to be without merit.

■ The defendant in an indirect criminal contempt proceeding may move for a substitution of judges. (*People v. Winchell* (1977), 45 Ill. App. 3d 752, 756.) However, the right to substitution is not absolute, and the movant has the burden of showing prejudice on the part of the judge. (45 Ill. App. 3d at 756.) In the instant action, respondent did not request a change of judges. Moreover, the record does not indicate any bias or prejudice against respondent on the part of the judge. In addition, it does not appear that the trial judge had become so personally embroiled in the contemptuous events that he should have recused himself. Absent these factors, we do not believe that the trial court erred by not allowing respondent a substitution of judges. See *Armentrout v. Dondanville* (1979), 67 Ill. App. 3d 1021, 1027.

■ Similarly, respondent did not object to the scheduling of the hearing with only 35 minutes' notice. In fact, the record reveals that respondent and his attorney responded that they were ready to proceed for hearing. Furthermore, respondent did not request time to prepare a formal answer to the charges against him. The record clearly reflects that respondent was afforded a full hearing where he presented witnesses and cross-examined petitioner's witnesses. In fact, respondent even called an expert witness to testify on his behalf. Accordingly, we are unable to conclude that respondent's due process rights were prejudiced.

■ Respondent's final contention is that his guilt was not proved beyond a reasonable doubt. We disagree.

A finding of willful contempt is a matter of fact to be determined by the trial court, and that finding will not be disturbed on appeal unless there is a clear abuse of discretion. (*People ex rel. Hartigan v. Jansen* (1986), 151 Ill. App. 3d 208, 213.) Petitioner and an uninterested bystander testified that respondent spit on petitioner. While a dentist testified regarding the possibility that the incident was caused by an involuntary glandular reaction attributable to stress, the trial court was entitled to discount that. Moreover, the evidence of possible spittle on petitioner's glasses coupled with respondent's

admission that he was approaching petitioner with a sarcastic comment indicate a state of mind consistent with an intentional act. Under the circumstances, we cannot hold that the trial court abused its discretion in finding respondent in contempt of court.

Accordingly, the trial court's order is affirmed.

Affirmed.

LINDBERG, P.J., and NASH, J., concur.