THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WADE ANDREWS, Defendant-Appellant.

(No. 70-172; ■■■■■■■■■)

Third District—May 23, 1972.

John L. Barton, of Defender Project, of Ottawa, for appellant.

Edward Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant Wade Andrews was indicted in Kankakee County for the crimes of armed robbery and escape. After trial by jury on the charge of armed robbery the defendant was found guilty and sentenced to a term of not less than four nor more than eight years in the penitentiary. The defendant then entered a plea of guilty to the charge of having committed the crime of escape and received a sentence of not less than four years nor more than eight years in the penitentiary which was to be served concurrently with the previous sentence for armed robbery.

The incarceration of the defendant resulted from his conduct which occurred on May 12, 1969. At that time he was 17 yeas of age and with an accomplice and armed with a pistol he robbed a gasoline service station. After committing the robbery he forced the station attendant and a friend of the attendant to enter the get-away car. The victims were transported out into the country where they were ordered to lie face down on the bank of a pond and while in such a position one of the robbers stole the billfold of the station attendant. After being convicted for the crime of armed robbery and while hearing on probation was pending the defendant escaped from the Kankakee County jail. While a fugitive the defendant obtained employment in the city of Chicago. He ultimately surrendered himself to the Federal Bureau of Investigation, however, the record discloses a conflict as to whether his surrender was entirely voluntary or the result of his fear that he was about to be apprehended.

Prior to the conviction in the instant case the defendant had been adjudicated a delinquent and had been committed to the Illinois Youth Commission for the offense of criminal trespass. The defendant had been

raised by an aunt and he attempts to mitigate his crime of escape by stating that his aunt and uncle were injured in an automobile accident while he was confined in the county jail and that they needed such financial assistance as he could provide from obtaining employment. The record discloses that while a fugitive he in fact did give to his aunt sums of money ranging from $15.00 to $35.00 per week.

The only issue raised by the defendant is that the sentences imposed are excessive and disproportionate to his background and character and thereby they should be reduced.

■■ The power to reduce a sentence of a trial court pursuant to Supreme Court Rule 615 (b) (4) (Ill. Rev. Stat., ch. 110A, par. 615(b) (4) ) places a grave responsibility upon a reviewing court. The trial judge who sees and hears the witnesses is in a far better position to appraise and evaluate the likelihood of the defendant's rehabilitation than is this court. The penalty decided upon by the trial court should not be reduced unless there are substantial reasons for doing so. We have no authority to exercise judicial clemency and we should not alter a sentence because we would have imposed a different penalty had we been in the position of the trial court. *People v. Hanserd,* 125 Ill.App.2d 465, 261 N.E.2d 317; *People v. Valentine,* 60 Ill.App.2d 339, 208 N.E.2d 595.

■■ The minimum sentences imposed upon the defendant for the crimes of armed robbery and escape are in excess of the minimum required by statute for these crimes at the time the defendant was convicted. It is, however, interesting to note that subsequent to the sentencing of the defendant our legislature has deemed it necessary to raise the minimum standards in cases of armed robbery from two to five years. Although the sentence imposed exceeded the minimum required by statute and while we are cognizant of the youthfulness of the defendant and his lack of any prior felony record, we nevertheless do not believe that the sentences imposed constituted a departure from the fundamental law, its spirit and purpose. (See *People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) As noted from the recital of the facts in this case, the crime of armed robbery was a serious one which resulted in intimidation and threatening conduct to innocent victims. While an application for probation was pending for the offense of armed robbery the defendant, by escaping from jail, demonstrated that at that particular time he was not an apt subject for rehabilitation under the auspices of the Probation Department.

In the light of the seriousness of the conduct of the defendant we do not see that the sentences imposed are manifestly excessive and thereby can only conclude that the trial court did not abuse its discretion. In view of the record in this case we do not believe that we should act

to modify the sentences imposed and therefore the judgments of conviction for the crimes of armed robbery and escape and the sentences imposed as a result thereof are affirmed.

Judgments affirmed.

STOUDER, P. J., and ALLOY, J., concur.