THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LUTHER GATHERIGHT, Defendant-Appellant.

(No. 55783;

First District—January 31, 1973.

James J. Doherty, Public Defender, of Chicago, (Robert M. Gray, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The Circuit Court of Cook County, sitting without a jury, found the defendant, Luther Gatheright, guilty of one count of armed robbery and

two counts of aggravated battery and sentenced him to not less than four nor more than ten years in the penitentiary on each count, the sentences to run concurrently. He appeals from this judgment. As grounds for reversal he contends that (1) it was error for the trial court to have refused to hold a pre-trial hearing on his motions to suppress evidence and identification testimony; (2) he did not voluntarily waive trial by jury; (3) it was error for the court to have allowed his private counsel to enter the case only upon the condition that there would be no request for a continuance; and (4) it was error for the court to have convicted him of three crimes arising out of the same transaction.

The pertinent facts are as follows. At about 5:00 A.M. on September 11, 1969, two men in a bronze color late model Pontiac drove into a service station in Westchester, Illinois. One man entered the station, drew a pistol and demanded the contents of the cash register. He also struck the attendant across the face with the gun, breaking the attendant's nose. The other man entered and the two emptied the cash register and fled, driving north on Mannheim Road in the direction of the Eisenhower Expressway.

The attendant notified police that he had been robbed by two men who drove off in the direction of the Eisenhower Expressway and gave descriptions of the men and their automobile, as well as the first two letters of the vehicle's license number. Acting upon this information, officers apprehended Luther Gatheright and Jimmie Douglas, who were driving east on the Eisenhower Expressway in an automobile fitting the description given by the station attendant. A .38 caliber pistol was found under the front seat of the automobile, and $114.75 in currency and small change was recovered from Gatheright and Douglas. After arrest the defendants were taken to a police station for processing and then to an adjoining court where they were identified by the service station attendant as the men who had robbed and struck him.

Initially the defendant contends that it was error for the court to have refused a pre-trial hearing on his motions to suppress, that his jury waiver was not voluntary and that it was error for the court to deny him a continuance. As these contentions all relate to events which occurred on the day of trial and are somewhat interrelated, we will consider them together. The record reveals that the defendant was arraigned on December 16, 1969, and the case was ultimately tried on November 10, 1970. Between arraignment and trial the case was continued ten times on the defendant's motion, five times with subpoenas. On May 12, 1970, the defendant's private attorney was granted leave to withdraw, and on June 29, 1970, the public defender was appointed to represent him. On defendant's motion it was continued to August 4, to September 3, and

to October 7, without subpoenas. On that date the cause was again continued on defendant's motion and set for trial on November 10, 1970, with subpoenas.

On November 10, 1970, the day of trial, the defendant requested a conference. The court admonished him that after a conference it would be too late to request a change of judge, and he indicated that he understood. Following the conference he stated that he was not ready for trial and that he wanted a continuance in order to obtain a private attorney. This motion was denied. He then filed motions to suppress the physical evidence seized at the time of his arrest and the identification of him by the service station attendant. The State objected to the filing of these motions on the ground that the case was set for trial and that the defendant had ample opportunity to file such motions. The trial judge expressed the belief that the motions were being filed for the purpose of delay and stated that they would be filed, but would not be heard prior to trial. He further stated that, "If something comes up during the trial, we can hear it outside the presence and hearing of the jury."

Douglas, the co-defendant, waived trial by jury. A venire was brought in, sworn to answer questions and instructed that their deliberations would be with respect to Gatheright only. A private attorney came before the court and requested leave to file an appearance in behalf of Gatheright. The court allowed him to appear as co-counsel with the public defender and admonished that no continuance would be granted. Gatheright then waived trial by jury. At the commencement of trial, Douglas pleaded guilty to armed robbery and the trial proceeded as to Gatheright alone. At the close of the evidence Gatheright was found guilty of both armed robbery and aggravated battery.

■■ The granting of a continuance to permit preparation for trial or a substitution of attorneys rests within the sound discretion of the court and depends upon the facts and circumstances of each case. (*People v. Surgeon*, 15 Ill.2d 236; *People v. Clark*, 9 Ill.2d 46.) As stated in *People v. Solomon*, 24 Ill.2d 586,

> "[b]efore a judgment of conviction will be reversed because of the denial of such a motion, it must appear that the refusal of additional time in some manner embarrassed the accused in preparing his defense and prejudiced his rights."

■■ Under the circumstances of the present case we do not believe that the trial court abused its discretion in denying Gatheright's motion for a continuance. As set forth above, the case had been continued ten times at Gatheright's request, during which almost a year had elapsed. On five occasions subpoenas were issued and witnesses were present in court. The assistant public defender was able and experienced. He had

been in the case for almost five months, and was ready for trial on November 10. We are aware that a defendant in a criminal case has a constitutional right to be represented by counsel of his own choice. However, as pointed out in *People v. Solomon*, 24 Ill.2d 586, "such right may not be employed as a weapon to indefinitely thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime." In the present case the trial court was cognizant of the defendant's right and preserved it by allowing his private attorney to enter the case on the day of trial. In view of the number of continuances previously granted and the ample opportunity afforded Gatheright to prepare his defense, there was no reason to delay the proceeding further.

■■ After his motion for a continuance was denied, the defendant filed motions to suppress evidence and identification testimony. The trial court concluded that these motions were for the purpose of delay and allowed them to be filed, but declined to hold a pre-trial hearing. The motions were not denied, and the trial judge stated that if matters concerning them came out at trial he would hear them out of the presence of the jury. Under the circumstances this ruling was correct.

The defendant argues that the trial court's refusal to hold a pre-trial hearing on his motions to suppress left him no alternative but to waive trial by jury. We find no merit in this argument. The trial judge stated that matters pertaining to the motions would be heard out of the presence of the jury. In addition, the record reveals that the jury waiver was signed after consultation with both the public defender and private counsel and after admonition by the court.

■■ Finally the defendant contends that it was error for the trial court to have found him guilty of three offenses arising out of the same transaction. Count I of the indictment charged the defendant with armed robbery. Count II charged him with aggravated battery in that he caused great bodily harm to the service station attendant. Count III charged him with aggravated battery in that he battered the service station attendant with a deadly weapon. He was found guilty on all three counts. A person may be convicted of multiple charges when the offenses result from separable conduct or transactions. (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m).) In *People v. Stewart*, 45 Ill.2d 310, our Supreme Court held that a defendant could not be convicted of both robbery and aggravated battery where the conduct giving rise to both charges was that the defendant demanded the victim's money then threw him down and struck him. The court cited the committee comments to sections 1—7(m) to the effect that:

> "Subsection (m) is intended to codify the holding in *People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316 (1958), by the implicit

converse of the provision stated, i.e., if the offenses resulted from the same conduct the defendant may not be sentenced on both, either concurrently or consecutively."

■■ In the present case, the striking of the attendant and the robbery were one continuous act. We believe, therefore, that the principle stated above is controlling and that it was error for the trial court to have convicted the defendant of both armed robbery and aggravated battery.

For the foregoing reasons, the judgment of the trial court entered upon the charge of armed robbery is affirmed, and the judgments entered upon the two counts of aggravated battery are reversed.

Affirmed in part and reversed in part.

ADESKO and DIERINGER, JJ., concur.