THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD TIFFIN *et al.*, Defendants-Appellants.

(No. 11990;

Fourth District—January 16, 1974.

John F. McNichols, Deputy Defender, of Springfield (David R. Sturges, Assistant Appellate Defender, of counsel), for appellants.

Richard J. Doyle, State's Attorney, of Vermilion (John R. McClory, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendants, having been indicted on one count of armed robbery and one count of burglary, were found guilty by jury verdict of both counts of the indictment. Following a hearing in aggravation and mitigation, defendants were each sentenced to the Department of Corrections for an indeterminate term of 15 to 30 years for the offense of armed robbery. In their appeal to this court, they raise three issues: (1) Whether the court committed reversible error in admitting evidence tending to indicate that defendants had committed other crimes; (2) whether defendants were erroneously convicted of multiple offenses; and (3) whether the sentences imposed were excessive.

The evidence is not in dispute. On December 4, 1971, Gary Dunavan was visiting the home of his mother, Frances Dunavan, near Rossville, Illinois. He saw a rust colored 1969 Ford LTD drive by the home. Subsequently, he went outside the home to go to a nearby shed. Defendants met him as he left the shed, and Tiffin, who was wearing a red T-shirt,

held a gun on him as both defendants walked him back into the house. Kindell tore out a telephone and tied Gary Dunavan with the telephone wire. Gary Dunavan's billfold containing $2 cash was taken from him. Mrs. Dunavan was also tied back-to-back on the couch with her son after she requested she not be tied lying down but that Gary be moved from the floor so that they could both be tied up sitting on the couch. Defendants inquired about guns in the house, and although there was a rifle and two shotguns, defendants were not seen to have taken them from the house. Mrs. Dunavan gave a ten dollar bill to defendants when they asked her if she had any money. Defendants left; however, Tiffin returned shortly and tore out an upstairs extension telephone. All of these events occurred in approximately fifteen minutes, beginning about 10:30 A.M. Gary freed himself and his mother after defendants left, and it was then discovered that Gary's car was gone and that a cookie jar, a plastic bucket, a small radio and two guns were missing from the house. The 1969 Ford that Gary had seen pass the house before was standing near the home.

The evidence further establishes that Gary Dunavan's car was abandoned at the farm home of Orville Pletch. Mr. Pletch, who was acquainted with Tiffin, testified that both defendants came to his home the night of the armed robbery and that each had a gun in his possession. He testified that Tiffin had in his possession a pistol Gary Dunavan identified at the trial as resembling the gun Tiffin was holding at the time of the armed robbery and which Montgomery County, Indiana jailer testified had been removed from his jail desk prior to the armed robbery.

James Cave, the Montgomery County, Indiana jailer, testified that approximately an hour-and-a-half before the robbery, both defendants were in his custody and that they "left the jail" and "removed" a pistol from his jail desk.

Further, there is testimony that the Montgomery County, Indiana jail is located in Crawfordsville, Indiana, which is about 45 miles from Danville, Illinois.

Ollie Query saw defendants run from the jail to Perry Lewis' car lot where they left in a red car which was driven by Tiffin. She further testified that Tiffin was wearing a red T-shirt and had a gun in his hand.

Eugene Trefz, a car salesman for Perry Lewis' car dealership in Crawfordsville, Indiana, testified that on the morning of the armed robbery a 1969 Ford LTD was driven off the lot without any license plates and that the car "could be mistaken for rust color, or red".

The evidence further shows that defendants were arrested while they were asleep on December 7, 1971, and that the pistol identified by Orville Pletch and James Cave was removed from Tiffin at the time of

the arrest. This is the same revolver that Gary Dunavan identified as resembling the one used by Tiffin in the robbery. Kindell also had a gun on him at the time of the arrest, and Mrs. Dunavan's radio was found in the apartment where defendants were arrested. A billfold removed from Tiffin at the time of the arrest was not identified as belonging to either Gary or Mrs. Dunavan; however, it contained photographs and identification cards taken from Gary in the armed robbery. The 1969 Ford abandoned at the Dunavan house was identified as being the same car that was removed from the car lot of Perry Lewis in Crawfordsville, Indiana by the defendants.

No objections were made to the testimony of James Cave, Ollie Query, or Eugene Trefz. There were no objections to the introduction of the State's exhibits. Further, the defense offered no evidence.

Defendants filed a motion for a new trial based solely on error for failure to grant a change of venue and in denying a motion for a mistrial as to testimony relating to pretrial television publicity.

■■ Appellants raise three issues on this appeal, none of which were specified in their motion for a new trial. In order for this court to consider these grounds as a basis for appeal, it is necessary to invoke the provisions of Supreme Court Rule 615(a) (Ill. Rev. Stat. 1971, ch. 110A, par 615(a)), in view of the requirements of Illinois Revised Statutes, 1971, chapter 38, paragraph 116—1(c):

"The motion for a new trial shall specify the grounds therefor."

The supreme court has held in *People v. Pickett*, 54 Ill.2d 280, 296 N.E. 2d 856, that a court of review, as a matter of grace, may in certain instances relax the requirements of this statutory requirement, stating:

"The general rule followed by this court is that the failure by the defendant to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on review."

The court went on to specify that one of the prerequisites of appellate review, as a matter of grace, of errors not raised in the post-trial motion is that the evidence be closely balanced.

It cannot seriously be contended in the instant case that the evidence is closely balanced. The defendants offered no evidence. There is unrefuted evidence establishing the fact that they committed a home invasion armed robbery. Failure of appellants to raise the question of the trial court's alleged admission of improper evidence, therefore, cannot be considered on appeal.

■■ Notwithstanding appellants' failure to raise the question in their post-trial motion, their contention that the trial court committed reversible error in admitting evidence tending to show that defendants com-

mitted other crimes would fail on its merits. There is testimony of three witnesses indicating that defendants were in jail in Crawfordsville, Indiana; that they left the jail with the jailer's pistol and that they took a 1969 Ford in which they fled. Appellants argue that this evidence was introduced for the purpose of showing a propensity on the part of the defendants ·to commit the crimes charged. This argument is unfounded in the evidence. Defendants are described as having left the ·jail, as having taken the pistol when they left and as having driven the 1969 Ford off the parking lot. Appellants contend that the implication is that they escaped from jail and stole the pistol and the car; however, it is difficult to conceive a more innocuous description of how the defendants came into possession of the automobile and the pistol used in the armed robbery.· Further, at the time the testimony was given, the State could not have known that the defense would offer no evidence. The evidence in question places defendants at the scene of the crime at the time it occurred. The impact of the testimony was not to show defendants' propensity to commit the crimes charged but to prove necessary elements of the crimes charged.·It follows that such evidence falls within the rule established in *People v. Horton,* 78 Ill.App.2d 421, 223 N.E.2d 202, in which the court held that it would not invoke the rule defendants seek to invoke here "\* \* \* where such evidence tends to aid in the identification of the perpetrator of the crime charged [citation], to place defendant in proximity to the time and location of the crime charged, to prove design, motive or knowledge *(People v. Tranowski,* 20 Ill.2d 11, 16, 169 N.E.2d 347), \* \* \*." The court further held in *People v. Horton* that where evidence is relevant and otherwise admissible, it is not to be excluded because it may also have a tendency to prejudice the accused. We conclude that the trial court did not commit reversible error in admitting evidence that defendants left the Crawfordsville, Indiana jail and took the pistol and the car.

■■ Appellants contend, as the second element of their appeal, that they were erroneously convicted of multiple offenses which arose out of one event. We agree. The general rule is that where convictions for separate offenses arise out of a singular event, the lesser conviction should be reversed. *(People v. Cox,* 53 Ill.2d 101, 291 N.E.2d 1; *People v. Hoffman,* 9 Ill.App.3d 842, 293 N.E.2d 16; *People v. Gatheright,* 9 Ill.App. 3d 1058, 293 N.E.2d 734.) In the instant case, the unauthorized entry occurred during the course of the armed robbery. It is apparent that the motivation of the burglary was not independent or otherwise separable ·from the robbery which was the test applied in *People v. Stewart,* 45 Ill.2d 310, 259 N.E.2d 24 and *People v. Whittington,* 46 Ill.2d 405, 265 N.E.2d 679.· Here, the entire transaction was continuous and consumed

approximately fifteen minutes. It contained no element which was independently motivated or otherwise separable. The defendants were found guilty of armed robbery and burglary; however, they were sentenced only for armed robbery. In *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E. 2d 651, the court held: "[T]he conviction and sentence for the lesser of the crimes arising from the same conduct should result in a reversal of both the conviction and the sentence imposed as a result of the lesser crime, provided, however, that a conviction and sentence imposed as to the greater crime are valid and are sustained." Accordingly, defendants' conviction for the crime of burglary should be reversed even though they were sentenced only for armed robbery.

■■■ Finally, appellants contend that their sentences are excessive under the terms of the Code of Corrections and recognized national standards. They were sentenced to an indeterminate term of 15 to 30 years on their conviction for armed robbery. As previously stated, no sentence was imposed for the conviction of burglary. The sentences for armed robbery were within the limits set by the legislature at the time of the offense, at the time of their sentencing, and under the Unified Code of Corrections. Under the Code of Corrections, armed robbery is classified as a Class 1 felony. This court, in *People v. Packnett* (No. 11856) —— Ill.App.3d ——, —— N.E.2d ——, held that the one-to-three ratio mandated by the legislature for Class 2 and Class 3 felonies does not apply to Class 1 felonies and that the ratio as set out in the American Association standards is a suggested guideline but not an exact mathematical formula which will arbitrarily be applied in every case. Further, it was held in *People v. Andrews*, 6 Ill.App.3d 78, 283 N.E.2d 334, that the trial judge who sees and hears the witnesses is in a far better position to apprise and evaluate the likelihood of a defendant's rehabilitation than a court of review. The court there concluded that the penalty imposed by the trial court should not be reduced unless there are substantial reasons for doing so, stating that it had no authority to exercise judicial clemency and that it should not alter a sentence because it would have imposed a different penalty. Applying these guidelines to the case at hand, we are of the opinion that the sentence imposed on each defendant for armed robbery should be affirmed. Defendants were convicted of a home invasion armed robbery. Both had prior felony records and both participated in an armed escape from a jail approximately an hour-and-a-half before entering the home of the Dunavans. Defendants argue that the armed robbery did not involve any specific acts of violence and that they offered no resistance at the time of their arrest. At the time of the armed robbery, Gary and Frances Dunavan offered no resistance; and at the time of their arrest, both defendants

were asleep. Tiffin was armed at the time of the robbery and both defendants were armed at the time of their arrest approximately three days later. In face of the uncontroverted evidence, it is difficult to impute to the defendants a docile behavior. Further, Kindell has been involved with the law for a number of years and according to the record probably faces a life sentence in Indiana for being a habitual criminal. Tiffin had a prior conviction under the Dyer Act. Also, he was the more active participant in the chain of events. He had the gun when the Dunavan house was first entered; he took the pistol from the jailer in Crawfordsville, Indiana, and he drove the car away from the dealer's lot. It does not appear that the trial court abused its discretion in sentencing defendants to terms of 15 to 30 years.

We conclude, therefore, that the trial court did not commit reversible error, in admitting evidence tending to show that defendants had committed other crimes and that the sentences imposed by the trial court were not excessive. The conviction for burglary should, however, be reversed.

Accordingly, the convictions of the defendants for the offense of armed robbery and their sentences for such convictions for an indeterminate term of 15 to 30 years is affirmed. The conviction of the defendants for burglary is reversed, and this cause is remanded with directions to issue an amended mittimus.

Affirmed in part, reversed in part and remanded with directions.

SMITH, P. J., and CRAVEN, J., concur.