THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* REESE HARVEY, JR., Defendant-Appellant.

First District (2nd Division)   No. 61762

Opinion filed August 24, 1976.

James J. Doherty, Public Defender, and Joyce Ann Karlan, both of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

After a motion to suppress evidence allegedly illegally seized was denied, defendant Reese Harvey was found guilty in a bench trial of unlawful use of a weapon in violation of section 24—1(a)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)). He was sentenced to two years' probation and 21 days' periodic imprisonment. On appeal, defendant contends that the conduct of the arresting officers constituted an unreasonable search and seizure, and therefore his conviction must be set aside.

At approximately 3:30 a.m., on March 30, 1973, Chicago police officers Fred Vitek and Fred Simon were proceeding north on State Street in the City of Chicago. About a block south of Lake Street, the officers were hailed by an unidentified male who told them that he heard what he thought was a shot fired from the State and Lake elevated platform. With this information the officers proceeded north to the intersection where

they observed the defendant coming down the State and Lake elevated platform stairs leading approximately to the southeast corner of the intersection. Upon reaching the street level, defendant proceeded at a quickened pace south on the east side of State Street. There were no other persons on the street or on the platform stairs. Defendant then crossed from the east to the west side of State Street. The officers made a U-turn and followed defendant to an alley at 152 North State where they stopped their squad car and Officer Simon got out. As Simon approached the defendant, Simon asked him if he had heard a shot from the elevated platform. The defendant then said, "what are you f_____ with me for?" The officer asked the defendant for some identification and defendant's hand went into his coat pocket. At that point, Officer Simon grabbed defendant's hand so as to prevent the removal of the hand from the pocket, and, with his own hand, reached into defendant's pocket and retrieved a .25-caliber automatic. Defendant was advised of his rights and then arrested for the firearms violation.

■■ The State submits that the issue raised on appeal by defendant is not properly before this court because he failed to submit a proper post-trial motion pursuant to section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 116—1). The record does not reflect any attempt on the part of defendant to make a post-trial motion within the prescribed time limit. The general rule is that allegations of errors not contained in a post-trial motion are deemed waived. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 120; *People v. Harris* (1965), 33 Ill. 2d 389, 211 N.E.2d 693; *People v. Tiffin* (1974), 16 Ill. App. 3d 367, 306 N.E.2d 325.) Although the appellate court may nevertheless take notice of plain errors which affect substantial rights under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a)), and may similarly take notice of defects in the trial when the evidence is closely balanced, it is not mandated to do so. *People v. Pickett; People v. Bradley* (1964), 30 Ill. 2d 597, 198 N.E.2d 809.

■■ In the case at bar, however, we find no closely balanced evidence regarding defendant's guilt. Neither do we find any plain errors or defects which prejudiced defendant at trial. It was therefore, incumbent upon defendant to make a timely post-trial motion specifying the errors, if any, committed at trial. Defendant, having failed to comply with the appropriate procedures, thereby waived the issue presented in this appeal. *People v. Pickett; People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403, *People v. Maxon* (1976), 35 Ill. App. 3d 670, 341 N.E.2d 479.

Even assuming, however, that the issue was not waived, this court thinks that defendant's argument that the seizure was illegal is not persuasive. Section 107—14 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 107—14) is the Illinois codification of *Terry v. Ohio*

(1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868. It permits a police officer, after having identified himself as such, to temporarily stop and question a person in a public place without first placing him under arrest. The statute allows an officer to briefly question a person as to his name and address and to demand an explanation of his actions, if the officer reasonably infers from the circumstances that the person has committed or is about to commit an offense. Section 108—1.01 of the Code of Criminal Procedure provides that the officer may search the person for weapons if the circumstances surrounding the detention indicate that the officer's life may be threatened.

In the case at bar, the officers were informed that a shot might have been fired from an elevated platform. Upon arriving at the scene, they observed a lone man briskly walking away from the elevated platform. It was 3:30 a.m., and no other persons were in the area. When viewing the transaction as a whole, it was reasonable, under the statute and *Terry*, for the officers to stop and briefly question the defendant. After defendant displayed some belligerence and then reached into his coat pocket, the officers were justified in carrying out a search for weapons due to the fact that they were investigating a report of a shot being fired. While the search here differs from the mere "pat-down" type of search found reasonable in *Terry* (in that the officer's insertion of his hand into defendant's pocket had not been preceded by a "pat-down" which disclosed the presence in the pocket of an object which might be a weapon), still it was the minimal effective intrusion which an officer investigating a report of a gunshot could make in a situation created by the fact that defendant had already put his own hand into his pocket, thereby making it necessary for the officer to "freeze" defendant's hand in the pocket while conducting the limited search for weapons in the same pocket.

When the actions of the police officers are considered in light of the surrounding circumstances, it is apparent that the search of the defendant was not unreasonable in that there existed a potential danger to the lives of the officers. *Terry v. Ohio; People v. Felton* (1974), 20 Ill. App. 3d 103, 313 N.E.2d 642; *People v. Hines* (1973), 12 Ill. App. 3d 582, 299 N.E.2d 581.

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

DOWNING and HAYES, JJ., concur.