THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES M. SHAW, Defendant-Appellant.

Third District    No. 80-51

Opinion filed October 3, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Patrick J. Corcoran, State's Attorney, of Carthage (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendant was convicted of three violations of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 1—100 *et seq.*) arising from an incident on November 11, 1979.

According to the police, the defendant was observed driving at a speed in excess of the posted limit. Two officers, in a single patrol car, gave chase. They proceeded across a two-lane bridge, upon which the defendant passed several cars. They continued to pursue the defendant into the city of Keokuk, Iowa. There the defendant made several elusive maneuvers. The Keokuk police were radioed and joined in the chase. When surrounded by police cars, the defendant finally surrendered. At trial, the defendant acknowledged that he had exceeded the posted speed limit, although by a lesser amount than claimed by the officers. He also admitted to having passed cars on the bridge. He denied having tried to

elude the officers or even to having been aware that he was being pursued by them until just prior to his "voluntary stop." On December 27, 1979, the three counts were tried together at a bench trial and the defendant was convicted of all three charges. The convictions and sentences were as follows:

> Cause No. 79—TR—1682, fleeing or attempting to elude police officer (Ill. Rev. Stat. 1979, ch. 95½, par. 11—204), for which defendant was sentenced to seven days in the Hancock County Jail plus $20 costs.

> Cause No. 79—TR—1683, speeding (Ill. Rev. Stat. 1979, ch. 95½, par. 11—601), for which defendant was sentenced to pay a fine of $25 plus $20 costs.

> Cause No. 79—TR—1684, improper passing (Ill. Rev. Stat. 1979, ch. 95½, par. 11—702), for which the defendant was sentenced to pay a fine of $25 plus $20 costs.

Although all three of the causes listed above are included in the defendant's notice of appeal, the argument on appeal only refers to the charge of fleeing or attempting to elude a police officer (cause No. 79—TR—1682). The crime of fleeing or attempting to elude a police officer is a Class B misdemeanor (Ill. Rev. Stat. 1979, ch. 95½, par. 11—204), for which the penalty is a fine of not more than $500 (Ill. Rev. Stat. 1979, ch. 38, par. 1005—9—1(a)(3)) and/or a sentence of imprisonment for not more than six months (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—3(a)(2)).

The defendant appeared at his trial *pro se*. His sole contention on appeal is that he did not effectively waive his right to counsel because the trial court failed to admonish him as to the minimum and maximum sentence prescribed by law. Supreme Court Rule 401(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 401(a)) states:

> "(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

> (1) the nature of the charge;

> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

No verbatim transcript of the proceedings was made. (See Ill. Rev.

Stat. 1979, ch. 110A, par. 401(b); *People v. Rivers* (1961), 22 Ill. 2d 590, 177 N.E.2d 154; *People v. Bobo* (1975), 33 Ill. App. 3d 274, 275-76, 337 N.E.2d 227.) However, pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 323(c)), the defendant submitted a proposed report of the proceedings, and the State supplemented this with its own proposed report. Both were certified by the trial court. In neither of these reports was it affirmatively stated that the defendant was advised of the minimum and maximum sentence to which he might be subjected, although the record indicates that the other Rule 401(a) admonitions were properly given.

In order for a waiver of counsel to be effective, Rule 401(a) mandates that the record affirmatively demonstrate that the defendant was given the requisite warnings. *People v. Woods* (1980), 84 Ill. App. 3d 938, 945-46, 405 N.E.2d 1238, 1243-44; *People v. Myles* (1980), 83 Ill. App. 3d 843, 850, 404 N.E.2d 385.

The State argues that Rule 401(a) was substantially complied with despite the fact that no admonition as to the minimum and maximum sentence appears of record. The record indicates that the defendant was told that he had the right to be represented by an attorney and, if indigent, to have counsel appointed. The defendant admitted that he understood the nature of the charges against him and the trial court found that the defendant had knowingly and understandingly waived his right to counsel.

Unlike Rule 402 on pleas of guilty (Ill. Rev. Stat. 1979, ch. 110A, par. 402), which requires only "substantial compliance," Rule 401 makes no mention of "substantial compliance" with the mandated admonitions. Nevertheless, some of the appellate courts of this State, this court included, have held that substantial compliance with Rule 401 is sufficient. (*People v. Black* (1979), 68 Ill. App. 3d 309, 313, 385 N.E.2d 899; *People v. Jackson* (1978), 59 Ill. App. 3d 1004, 1008-09, 376 N.E.2d 685; *People v. Varnold* (1977), 45 Ill. App. 3d 724, 359 N.E.2d 1135; *People v. Smith* (1975), 33 Ill. App. 3d 725, 338 N.E.2d 207.) However, a reading of these cases reveals that the meaning of "substantial compliance" is quite narrow. In each of these cases, the respective defendant was not prejudiced by the failure of the trial court to give the complete Rule 401(a) admonitions. In each of them, the defendant possessed a degree of legal sophistication, such that he was aware, at least in a general way, of the content of the particular admonition which the trial court failed to articulate in his respective case. (See *People v. Woods* (1980), 84 Ill. App. 3d 938, 945, 405 N.E.2d 1238, 1243.) We note that the case of *People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374, which has been cited (*People v. Myles* (1980), 83 Ill. App. 3d 843, 850, 404 N.E.2d 385) for the

proposition "that substantial compliance with Rule 401(a) is insufficient to safeguard defendant's constitutional right to counsel," makes mention of the fact that the record did not disclose that the defendants were aware of the information contained in the Rule 401(a) admonitions. See *People v. Woods* (1980), 84 Ill. App. 3d 938, 945, 405 N.E.2d 1238, 1243.

■■ ■ The State claims that the defendant was not prejudiced by the failure of the trial court to inform him of the maximum and minimum sentence to which he might be subject, because the term of imprisonment to which he was sentenced (7 days) was slight compared to the maximum (6 months) allowed by law. We cannot agree. There is no indication in the record that the defendant was aware that he was subject to any term of imprisonment. He was, therefore, prejudiced by the failure of the trial court to admonish him as to the sentence to which he could be subject. His waiver of counsel was not "knowingly" made. Rule 401(a) was not complied with, either strictly or substantially. Therefore, the conviction for fleeing or attempting to elude a police officer is required to be reversed and the cause remanded for retrial.

While the docket numbers of his other two convictions, for speeding and improper passing, are listed in the notice of appeal, no arguments were presented in defendant's appellate brief concerning these two convictions. Because these offenses are not punishable by a term of imprisonment, no Rule 401(a) admonitions need be given before a defendant may effectively waive counsel.

■■ For the reasons stated herein, the conviction for fleeing or attempting to elude a police officer is reversed and cause No. 79—TR—1682 is remanded for further proceedings consistent with this opinion. The convictions for speeding (cause No. 79—TR—1683) and improper passing (cause No. 79—TR—1684) are affirmed.

Affirmed in part; reversed in part and remanded.

BARRY and SCOTT, JJ., concur.